589 So.2d 1280 (1991)
Jack NICHOLS and Jack Nofsinger d/b/a NicholNofs
v.
The CITY OF GULFPORT, Mississippi.
No. 89-CA-0123.
Supreme Court of Mississippi.
November 20, 1991.
Chester D. Nicholson, Gail D. Nicholson, Nicholson & Nicholson, Gulfport, for appellants.
W. Rayford Jones, Jones Jones & Jones, Gulfport, for appellee.
En Banc.
DAN M. LEE, Presiding Justice, for the Court:
Jack Nichols and Jack Nofsinger, doing business as NicholNofs, a Gulf Coast business establishment, appeal from an order entered on December 9, 1988, by the Chancery Court of Harrison County, First Judicial District, upholding the constitutionality of the City of Gulfport's anti-noise ordinance. We reverse and render.

*1281 I.
Nearly fifty (50) years ago, on January 2, 1942, the City of Gulfport adopted Ordinance No. 628, "An Ordinance to Prohibit Unnecessary and Unusual Noises in the City of Gulfport, Mississippi." The preamble to 628 and Section 1., the portion of the ordinance implicated by this appeal, read as follows:
Whereas, it is deemed necessary for the public health, safety, comfort and repose that unnecessary and unusual noises be prohibited:
BE IT ORDAINED BY THE MAYOR AND BOARD OF COMMISSIONERS OF THE CITY OF GULFPORT, MISSISSIPPI:
Section 1. That unnecessary or unusual noises shall not be made or caused to be made or continued to be made which either annoys, injures or endangers the comfort, repose, health or safety of others, or to make, continue or cause to be made or continued, whether in the operations of any machinery or the exercise of any trade or calling or otherwise any noise which either annoys, injures or endangers the comfort, repose, health or safety of others, unless the making and continuing of the same be necessary for the protection or preservation of property or of the health and safety of life and limb of some person.
By virtue of Gulfport's anti-noise ordinance, any person, firm or corporation violating any of the sections of the ordinance are guilty of misdemeanors and upon conviction shall be punished by a fine of not more than $100 or imprisonment in the city jail for not more than thirty (30) days, or by both fine and imprisonment. Quite obviously, 628 is a penal ordinance.
Jack Nichols and Jack Nofsinger, are adult citizens of Gulfport, Mississippi, where they co-own and operate a lounge known as NicholNofs. NicholNofs, which from time to time features live entertainment on an outdoor patio, is located at the corner of Courthouse Road and Highway 90 in the City of Gulfport. The location is zoned B-2, general business zoning, and the club is a conforming use for B-2 purposes.
Both Nichols and Nofsinger have on previous occasions been arrested and charged with violations of Gulfport's anti-noise ordinance because of loud, annoying, and unnecessary noise and music emanating during the late hours of the night from loudspeakers located both inside and outside NicholNofs. Nofsinger has two criminal convictions in which he received both fines and a jail sentence on appeal to the County Court of Harrison County from Gulfport Municipal Court.
On April 26, 1988, appellants brought a lawsuit against the City of Gulfport challenging the constitutionality of Section 1., Ordinance 628. Following trial on November 9, 1988, the Court issued an order on December 9, 1988, holding that the ordinance "... is not void on its face, and it is not so broad, vague, or indefinite, or lacking in definite, ascertainable standards as to be unconstitutional on its face."
At trial the owners testified they had taken active measures to insure compliance with the ordinance by erecting a sound fence on the east side of their property to shield the adjacent apartment complex and by employing an audiologist to conduct various tests and measure noise levels on May 24, 1987. Both owners testified they still do not know when noise coming from NicholNofs becomes unnecessary, unusual, annoying or dangerous to the comfort, repose, health or safety of others so as to constitute a crime punishable by fine and incarceration. Nichols and Nofsinger lament they have been unable to find out how loud the music should be, and both complain they have been arrested on the vague complaints of annoyed citizens.
Testimony from Gulfport Police Chief Hayward Hargrove reflects that the Gulfport Police Department enforces the ordinance strictly on its face. No external guidelines or other interpretations of the ordinance are available to law enforcement personnel. A signed complaint from any citizen complaining of noise serves as the basis for an arrest under the ordinance, *1282 and no objective criteria are used by police in processing the complaint.

II.
In this appeal we are called upon to determine whether Section 1. of the City of Gulfport's anti-noise ordinance meets the constitutional prescription for definiteness. Appellants contend that Section 1. of Ordinance 628 violates the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 3, section 14, of the Mississippi Constitution of 1890 because it is facially void for vagueness. Specifically, Nichols and Nofsinger contend the language of the ordinance is so vague and imprecise it fails to (1) adequately apprise them of the conduct proscribed and criminalized, and (2) fails to give adequate guidance to law enforcement officers charged with enforcing the ordinance.
The City of Gulfport, on the other hand, contends the ordinance is set forth in clear, concise words of common daily usage which can be easily understood by persons of ordinary intelligence, words which through daily usage have acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden.
We hold that Section 1. of Gulfport's noise control ordinance, by prohibiting "unnecessary or unusual noises ... which either annoys, injures or endangers the comfort, repose, health or safety of others ..." fails to provide clear notice and sufficiently definite warning of the conduct that is prohibited. As a result, persons of "... common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926). This infirmity violates the first essential of due process of law.

A.
The law, of course, should give fair notice of offending conduct, or else the law is void for vagueness. Recently, the Supreme Court of the United States defined the void-for-vagueness doctrine in Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858-59, 75 L.Ed.2d 903, 909 (1983):
As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine `is not actual notice, but the other principal element of the doctrine  the requirement that a legislature establish minimal guidelines to govern law enforcement.' Where the legislature fails to provide such minimal guidelines, a criminal statute may permit `a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'
In Cassibry v. State, 404 So.2d 1360, 1367-68 (Miss. 1981), we articulated the following ground rules:
Generally speaking, a criminal statute is unconstitutional under the due process clause of the Fourteenth Amendment if it is so vague and uncertain that it does not inform those subject to it what acts it is their duty to avoid, or what conduct on their part will render them liable to its penalties. See 22 C.J.S. Criminal Law § 24(2). Yet, as held by the United States Supreme Court in Jordan v. DeGeorge, 341 U.S. 223, 231, 71 S.Ct. 703, 707, 95 L.Ed. 886 (1951), "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." The Court then held that the phrase "moral turpitude" was constitutionally certain in meaning, stating that "doubt as to the adequacy of a standard in less obvious cases does not render that standard unconstitutional for vagueness." Id. at 232, 71 S.Ct. at 708.

*1283 B.
We take into account that Ordinance No. 628, Section 1., by its terms, is applicable to speech. Where the activity to be regulated is capable of reaching First Amendment rights, the statute or ordinance should be subjected to heightened scrutiny. Keyishian v. Board of Regents, 385 U.S. 589, 604, 87 S.Ct. 675, 684, 17 L.Ed.2d 629, 641 (1967).
We also recognize, as did the Court of Appeals for the State of New York, "... that noise regulation poses special problems of draftsmanship and enforcement. The nature of sound makes resort to broadly stated definitions and prohibitions not only common but difficult to avoid." People v. New York Trap Rock Corp., 57 N.Y.2d 371, 456 N.Y.S.2d 711, 715-16, 442 N.E.2d 1222, 1226 (1982).
Section 1. of Gulfport's anti-noise ordinance prohibits the making of "unnecessary or unusual noises" which either "annoys, injures or endangers the comfort, repose, health or safety of others." One is admonished to refrain from making "unnecessary or unusual" noises which "annoy" other people. The adjectives "unnecessary" and "unusual" modifying the noun "noises" are inherently vague and elastic and require men of common intelligence to guess at their meaning. The same may be said of the verb "annoys." See United Pentecostal Church v. Steendam, 51 Mich. App. 323, 214 N.W.2d 866 (1974). We find no setting here from which these three vague words could take on a reasonable degree of definitiveness.
In Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971), the Supreme Court of the United States struck down a city ordinance which made it a criminal offense for three or more individuals to assemble on public sidewalks and conduct themselves in a manner which might annoy passersby. The Supreme Court of Ohio held the statute was not vague in the light of its well-understood dictionary definition of the word "annoying." The Supreme Court of the United States rejected the Ohio Supreme Court's simple reliance on a dictionary meaning and recognized that some vagueness inheres in the word "annoy":
Conduct that annoys some people does not annoy others. Thus, the ordinance is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.
402 U.S. at 614, 91 S.Ct. at 1688, 29 L.Ed.2d at 217.
In People v. New York Trap Rock Corp., supra, a noise control ordinance in Poughkeepsie, New York, was under constitutional scrutiny. At the heart of the ordinance was section 3.01 which, after a blanket provision that "[n]o person shall make * * * any unnecessary noise," defined the latter phrase as, among other things, "any excessive or unusually loud sound or any sound which either annoys disturbs, injures or endangers the comfort, repose, health, peace or safety of a person." (emphasis supplied) The Court of Appeals of New York said:
[Section 301] is permeated with vagueness. Among other things, for instance, the disjunctive definition of "unnecessary noise" as "any excessive or unusually loud sound or any sound which * * * annoys * * * a person (emphasis added) impermissibly would support a conviction on any sound which annoys another person, for it could rest solely upon the "malice or animosity of a cantankerous neighbor" * * *" or "boiling point of a particular person" * * *, situations which are the product, not only of imprecise standards, but of no standard at all.
456 N.Y.S.2d at 716, 442 N.E.2d at 1226.
In Fratiello v. Mancuso, 653 F. Supp. 775 (D.R.I. 1987), the municipal anti-noise ordinance under scrutiny stated, inter alia, that "it shall be unlawful for any person to make ... unnecessary noises or sounds ... which are physically annoying to persons, ..." The court concluded "[t]he ordinance, by prohibiting `unnecessary noises or sounds * * * which are physically annoying' fails to provide the requisite clear notice of what is prohibited [and] [a]s a result, *1284 persons of `common intelligence must necessarily guess at its meaning and differ as to its application.'" 653 F. Supp. at 790.

III.
Section 1. of the Gulfport ordinance suffers from the same egregious infirmity. If beauty is in the eye of the beholder, whether a noise is "unnecessary," "unusual" or "annoying" certainly depends upon the ear of the listener. A statute is unconstitutionally vague when the standard of conduct it specifies is dependent upon the individualized sensitivity of each complainant.
Gulfport Police Chief Hayward Hargrove testified, in effect, the words contained in Section 1. of the ordinance meant different things to different people. "Well, I think the individual himself makes that determination of what's annoying to him. What's annoying to me may not be annoying to you." He acknowledged that a criminal prosecution is permitted by the city of Gulfport based upon subjective conclusions reached and reported by citizens.
The penalties of the law cannot rest upon subjective guidelines; nor can the law subject an individual to penal consequences without first providing sufficiently definite notice or warning of what is prohibited. Section 1. suffers from something greater than a lack of precision. This portion of the ordinance seeks to exact obedience to a rule or standard so vague and indefinite as to amount to no standard at all.
In finding that Section 1. of Gulfport's noise control ordinance is unconstitutionally vague, we are by no means condoning interference with the tranquility and inviolability of one's home by loud noise. We are simply persuaded that Section 1. can be more clearly worded and more narrowly drawn while still achieving the legitimate objectives of the municipality in the protection of its citizens from noises which may affect their comfort, repose, health or safety.
We express no opinion with respect to the constitutionality of the remaining sections of Ordinance 628. The target of our holding is limited to Section 1. Given the fact, however, the ordinance is nearly half a century old, and in view of the technological age in which we now find ourselves, another look at the city's anti-noise ordinance would seem wise.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.