McRAE, Justice,
dissenting:
¶ 13. The majority’s finding that Miss.Code Ann. § 97-35-7(1), as applied to the facts of this case, is not constitutionally overbroad ignores the fact that Erwin Smith had the right to be present on his own property while police stifled a disturbance in the parking lot of his place of business. Smith’s right to be present on his property is tantamount to the police officer’s right to order him to leave his property. His conviction for disorderly conduct pursuant to the statute should be reversed. Accordingly, I dissent.
¶ 14. In Wright v. Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349 (1963), the United States Supreme Court considered a statute which, was said to justify prosecution for a “breach of the peace” on the part of anyone who “failed to obey the command of a police officer.” Id. at 291-292, 83 S.Ct. at 1245. In that case, a group of black men who were gathered in a public park were ordered by police to disperse and to leave the area. The Wright Court determined that “if petitioners were held guilty of violating the Georgia statute because they disobeyed the officers, this case falls within the rule that a generally worded statute which is construed to punish conduct which cannot constitutionally be punished is unconstitutionally vague.” Id. The Court also determined that “the possibility of disorder by others cannot justify exclusion of persons from a place if they otherwise have a constitutional right ... to be present. Id. at 293, 83 S.Ct. at 1246.
¶ 15. In the case sub judice, Smith, the property owner, had a constitutional right to be present and to witness the events unfolding in his parking lot. The disturbance there, at the very least, could have subjected him to possible future liability or resulted in damage to his property. Further, the temporary suspension of his right to be present on his property and subsequent arrest resulting from his refusal to “promptly obey a lawful order of an officer” was issued under the authority of a statute written in such a manner as to quell peaceful protest and other forms of expression fundamental to a democracy.
¶ 16. In Papachristou v. Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), the United States Supreme Court determined that vague disorderly conduct statutes allow arbitrary and discriminatory law enforcement by impermissibly delegáting basic policy matters to police officers, judges, and juries for resolution on an ad hoc and subjective basis. The statute at issue, which allows an individual to be prosecuted for the failure to “act or do or refrain from acting or doing as ordered,” is drafted in just such a manner. The reasonable exercise of many rights including freedom of movement and travel, assembly, and speech are fundamental to our way of life. Therefore, the power to temporarily suspend such rights through a command given by an officer must be defined with great care. Absent the imposition of martial law, a citizen going about his or her daily activities should not be subject to the order of a police officer which impacts the range of freedoms of movement or speech unless the officer holds a reasonable suspicion that the person has or is about to commit a crime. This is consistent with Wright and Papachristou. See also State v. Werstein, 60 Wis.2d 668, 676, 211 N.W.2d 437 (1973)(any police order in contravention of the legal exercise 'of a right is an “unlawful order” of a police officer; courts of that state had never held that “the mere refusal to obey a police command constituted disorderly conduct.”).
¶ 17. Section 97-35-7(1) is written in such a manner that “persons of ... common intelligence must necessarily guess at its meaning and differ as to its application,” Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), which “infirmity violates the first essential of due process of law.” Nichols v. City of Gulfport, 589 So.2d 1280, 1282 (Miss.1991). As Smith’s arrest clearly illustrates, the statute is written in a manner which allows for arbitrary enforcement and selective infringement upon fundamental constitutional rights. We would not a tolerate a statute that left open the *1105 possibility that a man could be ordered from his home while police trooped inside to turn down an overly loud stereo. Likewise, a statute that can be construed as making it a crime for a man to refase to leave his business property when so ordered by police is constitutionally overbroad. Accordingly, I do not join the majority opinion.
SULLIVAN, P.J., and BANKS and MILLS, JJ., join this opinion.