KING, JUSTICE,
DISSENTING:
¶56. While I agree that, under certain circumstances, the “harm” contemplated by Section 97-9-127 may include reputa-tional harm, I believe that the statute at issue is unconstitutionally vague and that the State failed to present sufficient evidence to prove the element of “harm” in this case. I therefore respectfully dissent.
¶57. Section 97-9-127 provides that retaliation against a public servant or witness is committed if a person “intentionally or knowingly harms or threatens to harm another by any unlawful act in retaliation for anything lawfully done in the capacity of public servant, witness, prospective witness or informant.” Miss. Code Ann. § 97-9-127 (Rev. 2014). “Harm” is defined as “loss, disadvantage or injury, or anything so regarded by the person affected, including loss, disadvantage or injury to any other person or entity in whose welfare he is interested.” Miss. Code Ann. 97-9-101(d) (Rev. 2014).
¶58. “[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.” Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). While “[impossible standards of specificity are not required[,]” the statutory language must convey “sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.” Jordan v. De George, 341 U.S. 223, 231-32, 71 S.Ct. 703, 95 L.Ed. 886 (1951). However, without minimal guidelines for' law enforcement, “a criminal statute may permit a ‘standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.’” Kolender, 461 U.S. at 357, 103 S.Ct. 1855. Furthermore, this Court recognizes, in the context of a void-for-vagueness analysis, that where a statute, by its terms, is applicable to speech and thus “is capable of reaching First Amendment rights, the statute ... should be subjected to heightened scrutiny.” Nichols v. City of Gulfport, 589 So.2d 1280, 1283 (Miss. 1991)[4]; see also Keyishian v. Bd. of Regents, 385 U.S. 589, 604, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).
¶59. The statutory definition of harm in this case is unconstitutionally vague. It includes “loss, disadvantage or injury, or anything so regarded by the person affected.” And the majority relies on the “anything so regarded by the person affected” definition of harm in this case. “A statute is unconstitutionally vague when the standard of conduct it specifies is dependent upon the individualized sensitivity of each complainant.” Nichols, 589 So.2d at 1284. In Nichols, this Court found that the words “unnecessary,” “unusual,” or “annoying” in a noise ordinance were unconstitutionally vague. Id. The Court noted that “[t]he penalities of the law cannot rest upon subjective guidelines!.]” Id. The portion of the definition of harm in Section 97-9-101(d) stating that harm is “anything ... regarded [as a loss, disadvantage or injury] by the person affected” is com *902 pletely subjective and relies solely on the sensibilities of the alleged victim in a case. It gives absolutely no indication as to what sort of conduct is to be proscribed. Indeed, the majority says it well, admitting that “what might be considered a loss, disadvantage or injury for one person, might not be so considered by another” and adding the word “reasonable” into the statute in an attempt to render it constitutional. Maj. Op. ¶ 43. Yet, it is the province of the Legislature, not the courts, to draft statutes, and the plain language of this statute is unambiguous in its broad nature.[5] Nor does the definition of harm give any guidance whatsoever to law enforcement officers, subjecting enforcement of the statute to ’ the risk of enforcement" based upon whims or personal predilections.[6]
¶60. In addition to the statute being unconstitutionally vague, insufficient evidence was adduced that Deputy Townsend suffered any harm. Deputy Townsend testified that it had become known in the community that Wilcher had made these allegations because he heard “people just talking” for “probably a good week.” Yet, this is not evidence sufficient of harm, reputational or otherwise. Deputy Townsend never testified as to what people were saying or that the allegations had harmed him or his reputation in some way. Indeed, for all this Court knows, people could have been saying “that Wilcher lady made crazy allegations against Deputy Townsend. Poor Deputy Townsend, we know they are false.” The State in no way demonstrated that any of the “talk” was in any way negative with regard to Deputy Townsend. “Talk,” which the‘State failed to adduce was even negative talk with regard to Deputy Townsend, is simply not sufficient evidence of the- element of “harm,” reputa-tional or otherwise.
¶61. Because the statutory definition of harm is unconstitutionally vague, and because the State also failed to introduce sufficient evidence of harm, I believe that Wilcher’s conviction should be reversed and rendered,‘and I therefore respectfully dissent.
KITCHENS, J., JOINS THIS OPINION. DICKINSON, P. J., AND COLEMAN, J., JOIN THIS OPINION IN PART.

. I agree with the majority that Wilcher did not properly assert a direct facial challenge to the statute based solely on First Amendment grounds. However, that does not prevent this Court from considering in the context of a void-for-vagueness analysis that the statute is capable of infringing on First Amendment rights.

. "The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching on the power of the Legislature.” Wallace v. Town of Raleigh, 815 So.2d 1203, 1208 (Miss. 2002) (quoting Hamner v. Yazoo Delta Lumber Co., 100 Miss. 349, 56 So. 466, 490 (1911)). Moreover, the courts have no "authority to write into the statute something which the Legislature did not itself write therein, nor can they ingraft upon it any exception not done by the lawmaking department of the government.” Id.

. The majority attempts to equate the complete subjectivity of the definition of harm with the slight subjectivity encased in the robbery statute; The robbery statute proscribes a taking "by putting such person in fear of some immediate injury to his person.” Miss. Code Ann. § 97-3-73 (Rev. 201"4). "Fear” is defined as "[t]he strong, negative feeling that a person experiences when anticipating danger or harm.” Fear, Black’s Law Dictionary (10th ed. 2014). While a slight subjective component may be inherent in the word fear, the definition is not dependent completely’on the sensibilities of the victim. Such a definition 'may lend itself to a finding that an ordinary person would. understand what conduct is proscribed, in other words, an ordinary person can generally understand how not to place another person in fear of immediate injury to the person. The same cannot be said for the guessing game inherent in determining what another person regards as loss, disadvantage, or injury.