## CIRCUIT COURT OF WASHINGTON COUNTY

Ernest F. Mutter
and Edna Mutter

v.

Washington County
Board of Supervisors et al.

December 17, 1992

Case No. (Chancery) 92–235

BY JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court on the plaintiffs' "Motion for Declaratory Judgment and Injunction" seeking a declaration that the Board's issuance of a special use permit to the Washington County Solid Waste Department was invalid and for an injunction prohibiting the placing of a solid waste convenience station on the site on question. The plaintiffs are property owners in Washington County who own property adjoining that upon which the proposed convenience station is to be located. The proposed convenience station would be visible from their home. The property in question is zoned Conservation and Recreation district. The plaintiffs complain that the issuance of a special use permit for the erection of such a facility in this location violates the comprehensive plan adopted for Washington County, disregards good zoning practices, ignores the adopted intention of the Conservation and Recreation zone and, in light of the manner in which it was done, was arbitrary and capricious.

The court conducted an extensive evidentiary hearing concerning the issues herein on September 11, 1992. The court did enter an order on October 19, 1992, temporarily enjoining the erection of this facility based upon the evidence adduced at the hearing indicating that some procedural defects may have occurred in the issuance of the special use permit and the potential for irreparable harm to the plaintiffs otherwise. The request to have the permit declared invalid

was taken under advisement. The court took the matter under advisement to allow counsel to submit authorities. The court has considered counsel's respective memoranda along with the record and has considered the same in light of the evidence taken and counsel's arguments.

The application for the special use permit was made on March 2, 1992. The Washington County Planning Commission held a public hearing in reference thereto on May 26, 1992, and approved the application. The county administrator appeared at that hearing and recommended approval of the application stating that the site was the only suitable location. The Washington County Board of Supervisors held a public hearing with regard to the permit on June 25, 1992. The motion to approve the permit failed on a tie vote with one supervisor abstaining. At the July 13, 1992, meeting of the board, the same supervisor, James P. Litton, again moved the approval of this site. The Board decided to advertise the site once again for another public hearing. On August 10, 1992, the same supervisor moved the approval of this site, and the motion was adopted by a 4 to 3 vote, the supervisor who had previously abstained having decided to vote in favor.

The site in question is very near Big Tumbling Creek, which is a state trout fishing stream and is located in an area which is zoned Conservation and Recreation district. The necessity for locating a solid waste and recycling convenience station in the Big Tumbling Creek area of the County is not disputed. Many residents of the area have petitioned the Board for the location of such a facility in their community. The evidence revealed that other sites had been explored and even approved after considerable investigation, including testing by an engineering firm. In spite of this, these other sites were rejected largely at the behest of supervisor Litton, who assured the board that a more suitable location could be obtained. The location in question was chosen basically by means of a visual site inspection by supervisor Litton and a couple of other people whom he took there. No engineering or other consulting firms were called in. In spite of the county administrator's assessment of this location near an intersection as being heavily traveled and dangerous, the State Highway Department was not contacted with reference to the feasibility of this location. In spite of the proximity of this facility to the Big Tumbling Creek trout stream, apparently no consultation was had with the State Water Control Board nor with the Department of

Game and Inland Fisheries. In spite of the very real potential for pollutants from this facility contaminating this fresh water stream, no consultation was had with the Environmental Protection Agency. In spite of the fact that the Board has adopted a comprehensive plan for Washington County, apparently neither the Planning Commission nor the board gave it any consideration in their approval of this site. In fact, supervisor Litton at the hearing testified that "it is not my job to consider the comprehensive plan." Finally, and most astoundingly, the evidence revealed that the one person in the County presumably most knowledgeable with regard to the location, implementation, operation and maintenance of such a facility, the Solid Waste Manager, Coy Martin, was not even contacted with regard to the approval of this site.

Washington County has adopted a comprehensive zoning ordinance by virtue of authority derived from § 15.1–486 et seq. of the Code of Virginia. The County zoning ordinances are found in § 14.1 et seq. of the County Code. The zoning code enumerates some 13 separate zoning districts. As noted above, the site in question is located in the Conservation and Recreation district. The County's intent in establishing this district as stated in the zoning ordinance is:

> the preservation of open space for recreation and other compatible uses consistent with some of the present characteristics . . . . any new growth that occurs in this district should not be in conflict with the existing public recreation facilities. Thus, such development must be of particular interest to the whole community, and it must be planned for before development occurs . . . .

A public facility such as this convenience station is permitted in this district with a special use permit. Section 14–11 of the County Code provides:

> these permits *shall* [emphasis supplied] be subject to such conditions as the Board of Supervisors deems necessary to carry out the intent of this chapter . . . .

The Planning Commission has recommended and the County has adopted a comprehensive plan for the physical development of Washington County. Section 15.1–456 of the Code of Virginia provides that whenever a locality has adopted such a plan:

> Thereafter, unless such feature is already shown on the adopted master plan or part thereof . . . no street or connec-

tion to an existing street, park or other public area, public building or public structure, public utility facility or public service corporation facility . . . shall be constructed, established or authorized unless and until the general location or approximate location, character, and extent thereof has been submitted to and approved by the local commission as being substantially in accord with the adopted comprehensive plan or part thereof . . . .

B. The commission shall communicate its findings to the governing body, indicating its approval or disapproval with written reasons therefor . . . .

The evidence at the hearing revealed that very little, if any, consideration was given to the County's comprehensive plan in approving this permit.

The case of *Bollinger v. Roanoke County*, 217 Va. 185 (1976), relied upon by the plaintiffs involved a special use permit for a landfill. In upholding the approval of that permit, the Supreme Court of Virginia noted:

it appears the Board acted only after it had the benefit of thorough studies, numerous tests, and after due deliberation on its part. The studies and tests revealed that the land is suitable for landfill purposes. The terms and conditions imposed by the Board indicate that it was well aware of the uses of surrounding land and the characteristics of the property involved.

As counsel for the plaintiffs correctly notes, the clear implication is that the Virginia Supreme Court would look askance at a permitting process that ignores at least these minimum standards.

In my estimation, the failure of the Board to (1) have site testing by an engineering firm to assess the suitability of this particular site for location of a convenience station, (2) to have the State Highway Department conduct a traffic safety study to assess the safety factors implicated, (3) to at least seek the advice and consent of the State Water Control Board to assess the potential danger of pollutants entering Big Tumbling Creek, (4) to at least seek the advice and consent of the Department of Game and Inland Fisheries for assessment of the potential danger to game and fish, (5) to consult with their resident expert, the landfill manager, for his assessment of the suitability of this site, (6) to observe and comply with the requirements

and the purpose and intent of the comprehensive plan for the County, (7) to attach any terms and conditions to the special use permit convinces the court that the Board acted in an unreasonable, arbitrary, and capricious manner in approving this special use permit.

The court will declare this special use permit invalid and will permanently enjoin the construction of or location of any facility on this site based upon this invalid permit.