## Richmond

Cecil V. Bollinger, Et Al. v. Board of Supervisors of
Roanoke County, Et Al.

September 2, 1976.

Record No. 750929.

Present, All the Justices.

*Charles H. Osterhoudt* (*Hunter, Fox & Trabue,* on brief), for
appellants.

*Edward A. Natt, County Attorney; James E. Buchholtz, Assistant
City Attorney* (*J. N. Kincanon, City Attorney; Charles R. Allen,
Jr., Assistant City Attorney,* on brief), for appellees.

Per Curiam.

Cecil V. Bollinger and others, appellants, are here on an appeal
from a judgment upholding the validity of a conditional use permit
issued by the Board of Supervisors of Roanoke County (Board). The
permit was issued jointly to the city and county of Roanoke for the
operation of a sanitary landfill in Roanoke County on land zoned A-1,
agricultural.

The appellants contend that the trial court erred in holding: that
the Board acted in its legislative capacity in issuing the permit; that

Section 21-6 of the Roanoke County Code is constitutional; and that the action of the Board was not arbitrary, unreasonable or unlawful.

The evidence shows that comprehensive feasibility studies and tests were conducted to determine the suitability of the land for the operation of a sanitary landfill. The permit issued by the Board contained extensive terms and conditions to protect the health, safety, and general welfare of the residents of the county.

The pertinent section of Roanoke County Code § 21-6 reads as follows:

"The location of commercial amusement parks, airports, borrow pits and sanitary fill method garbage and refuse sites shall require a conditional use permit. These permits shall be subject to such conditions as the governing body deems necessary to carry out the intent of this chapter."

Under the language of § 21-6, the Board reserved unto itself the power to issue a conditional use permit for sanitary landfills, "subject to such conditions as . . . [it] deems necessary to carry out the intent of this chapter."

The answer to whether the Board performed a legislative function in issuing the conditional use permit, or acted in an administrative capacity, as contended by the appellants, is found in our holding in the recent case of *Byrum v. Board of Sup'rs of Orange Cty., et al.,* 217 Va. 37, 41, 225 S.E.2d 369, 372 (1976). There we held that when the governing body of a county has reserved unto itself the right to issue special use permits, the granting of such permits is a legislative function.

Appellants also contend that even if the Board acted in its legislative capacity, § 21-6 is unconstitutional. They argue that the ordinance fails to provide adequate standards to guide the Board in exercising its power and therefore violates due process; and that in any event § 15.1-491(c) Code of 1950, 1973 Repl. Vol., requires such guidelines in county zoning ordinances. We reject both contentions.

The General Assembly has delegated the power of zoning to county and municipal governments. The enabling statutes[1] outline the purpose of zoning ordinances and contain general guidelines and standards for enacting and administering them. *Byrum, supra.* Thus, there is no violation of due process.

Code § 15.1-491 provides, in part:

1. Code § 15.1-486 *et seq.*

"A zoning ordinance *may* include, . . . reasonable regulations and provisions as to any or all of the following matters:

\* \* \*

(c) For the granting of special exceptions under suitable regulations and safeguards; and not withstanding any other provision of this article, the governing body of any city, county or town may reserve unto itself the right to issue such special exception or use permit." (Italics supplied)

Thus, zoning ordinances enacted pursuant to this statute need not include standards concerning issuance of special use permits where local governing bodies are to exercise their legislative judgment or discretion. It would be impractical to provide standards in ordinances that would be applicable to all situations that might arise. Furthermore, in the instant case the Board imposed extensive regulations and safeguards before the conditional use permit would become operative.

We find nothing in the record showing the Board acted arbitrarily, unreasonably, or unlawfully in issuing the conditional use permit. On the contrary, it appears the Board acted only after it had the benefit of thorough studies, numerous tests, and after due deliberation on its part. These studies and tests revealed that the land is suitable for landfill purposes. The terms and conditions imposed by the Board indicate that it was well aware of the uses of surrounding land and the characteristics of the property involved.

The presumption of legislative validity attached to the issuance of the conditional use permit. *City of Richmond* v. *Randall*, 215 Va. 506, 511, 211 S.E.2d 56, 60 (1975). Appellants have not overcome this presumption, and the judgment is

*Affirmed.*