S90A1038. SATTERFIELD v. THE STATE.
(395 SE2d 816)

CLARKE, Chief Justice.

The state filed an accusation against Darrell G. Satterfield, alleging that he had engaged in indecent and disorderly conduct in violation of OCGA § 16-11-39 (3), "by massaging his groin with both hands and gyrating his hips in a sexual manner in the presence of [a police] investigator" in a public place. Satterfield pled nolo contendere to the charge, but made a constitutional challenge to OCGA § 16-11-39 (3), alleging it is too vague to apprise men of common intelligence as to what acts are prohibited under it. The trial court denied Satterfield's due process challenge, but granted him the right to appeal its decision.

OCGA § 16-11-39 (3) makes it a misdemeanor to engage "in indecent or disorderly conduct in the presence of another in any public place."

In *Roth v. United States*, 354 U. S. 476, 491 (77 SC 1304, 1 LE2d 1498) (1957), the United States Supreme Court held that to withstand a vagueness challenge, "all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" However, the Court has more recently noted that with regard to a vagueness

challenge, there is "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Village of Hoffman Estates v. Flipside*, 455 U. S. 489, 498 (102 SC 1186, 71 LE2d 362) (1982).

Because OCGA § 16-11-39 (3) fails to define in any manner what is meant by indecent or disorderly conduct, it does not provide fair warning to persons of ordinary intelligence as to what it prohibits so that they may act accordingly. We therefore hold that the statute is too vague to justify the imposition of criminal punishment for its violation.[1] *Griffin v. Smith*, 184 Ga. 871 (193 SE 777) (1937). We conclude further that OCGA § 16-11-39 (3) may not be upheld because it

> impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.

*Grayned v. City of Rockford*, 408 U. S. 104, 108-9 (92 SC 2294, 33 LE2d 222) (1972).

Satterfield's conviction under this statute must therefore be reversed.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents; Weltner, J., not participating.*

DECIDED SEPTEMBER 27, 1990.

*Alan Mullinax*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, William F. Bryant, Assistant Solicitor*, for appellee.

---

[1] Compare OCGA § 16-6-8 which makes it a misdemeanor to commit an act of public indecency while in a public place. The statute defines such acts as, inter alia, sexual intercourse and exposure of the sexual organs.