S99A1748. THELEN v. THE STATE.
(526 SE2d 60)

CARLEY, Justice.

Pete Thelen is a commercial helicopter pilot and instructor who, on several occasions, landed and then took off in a helicopter from his own dock on Lake Spivey in Clayton County. Neighbors who lived some 200 feet away complained of the noise, and an accusation was filed charging him with violating the Clayton County Noise Ordinance. The ordinance provides as follows:

> It shall be unlawful for any person to make, continue to make or cause to be made any loud, unnecessary or unusual sound or noise which either annoys, disturbs, injures, or endangers the comfort, repose, health, peace, or safety of others in the county, and which is audible to a person of normal hearing ability more than 50 feet from the point of origin of such sound or noise.

The ordinance also includes a more specific, non-exclusive list of acts which are deemed to be in violation thereof, but does not mention the noise generated by helicopters or other aircraft. Thelen unsuccessfully challenged the constitutionality of the ordinance on the ground of vagueness, and, after a bench trial, the trial court found him guilty of two violations. Thelen appeals from the judgments of conviction entered by the trial court.

Because Thelen's vagueness challenge does not involve First Amendment freedoms, we must limit our decision to the application of the ordinance in light of the conduct to which it is applied in this case. *State v. Boyer*, 270 Ga. 701, 702 (1) (512 SE2d 605) (1999); *Hall v. State*, 268 Ga. 89, 91 (1) (485 SE2d 755) (1997); *State v. Hudson*, 247 Ga. 36, 37 (1) (273 SE2d 616) (1981). "[A] person 'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.' [Cits.]" *Izzo v. State*, 257 Ga. 109, 110 (1) (356 SE2d 204) (1987). Conversely, the existence of certain clear, but inapplicable, prohibitions does not foreclose a person from contending that another part of the law is vague as applied to his conduct. Thus, since Thelen's conduct does not come within the more specific proscriptions of the ordinance, he properly attacks only the initial, general portion thereof.

"[W]ith regard to a vagueness challenge, there is a 'greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe.' [Cit.]" *Satterfield v. State*, 260 Ga. 427-428 (395 SE2d 816) (1990). See also *Bullock v. City of Dallas*, 248 Ga. 164, 166 (2) (281 SE2d 613) (1981). Due process requires that criminal ordinances give a person of ordinary intelligence fair warning that his specific contemplated conduct is forbidden, so that he may conform his conduct to the law. *Hall v. State*, supra at 92 (2).

By prohibiting "any . . . unnecessary or unusual sound or noise which . . . annoys . . . others," the ordinance here fails to provide the requisite clear notice and sufficiently definite warning of the conduct that is prohibited. *Fratiello v. Mancuso*, 653 FSupp. 775 (R.I. 1987); *Nichols v. City of Gulfport*, 589 S2d 1280, 1282 (II) (Miss. 1991). Compare *Dupres v. City of Newport*, 978 FSupp. 429, 433 (II) (C) (1) (R.I. 1997) (that portion of a noise ordinance which specifies a decibel level is not unconstitutionally vague). "The adjectives 'unnecessary' and 'unusual' modifying the noun 'noises' are inherently vague and elastic and require men of common intelligence to guess at their meaning. The same may be said of the verb 'annoys.' [Cit.]" *Nichols v. City of Gulfport*, supra at 1283 (II) (B). See also *United Pentecostal Church v. Steendam*, 214 NW2d 866, 867 (Mich. App. 1974).

> Conduct that annoys some people does not annoy others. Thus, the ordinance is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.

*Coates v. City of Cincinnati*, 402 U. S. 611, 614 (91 SC 1686, 29 LE2d 214) (1971).

Except for certain portions of the ordinance which are inapplicable here, it does not define a specific context in which it applies, thereby magnifying its inherent flaws. *Dupres v. City of Newport*, supra at 434 (II) (C) (1). Compare *Grayned v. City of Rockford*, 408 U. S. 104, 112-114 (II) (A) (92 SC 2294, 33 LE2d 222) (1972) (school context). We find no setting here from which the three vague words discussed above, as applied to helicopter landings and takeoffs, "could take on a reasonable degree of definitiveness." *Nichols v. City of Gulfport*, supra at 1283 (II) (B).

Furthermore, a law is unconstitutionally vague if it "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications. [Cit.]" *Satterfield v.*

*State*, supra at 428. See also *Hall v. State*, supra at 93 (2); *Bullock v. City of Dallas*, supra at 166 (2); *Dupres v. City of Newport*, supra at 433 (II) (C) (1). "The penalties of the law cannot rest upon subjective guidelines. . . ." *Nichols v. City of Gulfport*, supra at 1284 (III). The language of a criminal ordinance "cannot be so ambiguous as to allow the determination of whether a law has been broken to depend upon the 'subjective opinions of complaining citizens and police officials,' [cits.]" *Dupres v. City of Newport*, supra at 434 (II) (C) (1).

Whether the noise of a helicopter takeoff or landing is "unnecessary," "unusual," or "annoying" to a neighbor more than 50 feet away "certainly depends upon the ear of the listener. A statute is unconstitutionally vague when the standard of conduct it specifies is dependent upon the individualized sensitivity of each complainant." *Nichols v. City of Gulfport*, supra at 1284 (III). Therefore, "[a]ttempts to comply with or to enforce the ordinance require application of a completely subjective standard." *Fratiello v. Mancuso*, supra at 790. Compare *State v. Garren*, 451 SE2d 315, 318-319 (N.C. App. 1994) (applicability of similar ordinance depended upon effect of noise on "reasonable persons of ordinary sensibilities"); *City of Madison v. Bauman*, 470 NW2d 296, 302 (Wis. 1991) ("the word, 'reasonably,' saves the ordinance from the infirmity of vagueness").

We are by no means condoning interference with the tranquility and sanctity of one's home by loud noise, but are simply persuaded that a more clearly worded and narrowly drawn ordinance can achieve the legitimate objectives of protection of citizens from noises which may affect their comfort, repose, health, or safety, while insuring an ascertainable standard of guilt for due process requirements. *Nichols v. City of Gulfport*, supra at 1284 (III); *United Pentecostal Church v. Steendam*, supra at 868.

*Judgments reversed. All the Justices concur.*

DECIDED FEBRUARY 14, 2000.

*Alfred L. King, Jr.,* for appellant.
*Harry A. Osborne,* for appellee.