PRESENT:  All the Justices

BRADLEY S. TANNER, ET AL.

v.   Record No. 080998               OPINION BY
                                JUSTICE BARBARA MILANO KEENAN
                                     April 17, 2009
CITY OF VIRGINIA BEACH


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge


In this appeal, we consider whether the circuit court erred in rejecting a constitutional challenge to a municipal noise control ordinance.

Bradley S. Tanner and Eric A. Williams (collectively, the owners) own and operate BAE Ventures, Inc., t/a The Peppermint Beach Club (the club), a licensed restaurant and entertainment venue located in the 1800 block of Atlantic Avenue in the City of Virginia Beach (City).  The club is located in a part of the City commonly referred to as the "oceanfront," which includes restaurants, bars, hotels, and outdoor entertainment venues.

The club, which is on the ground floor of the Howard Johnson Hotel, hosts disc jockeys and occasional "live" entertainment groups that play various types of music including "hip-hop," "punk rock," "emo," and "indie" music.  The owners repeatedly have been warned by City police officers about music sound levels, and have received citations for violations of

Virginia Beach City Code § 23-47 (the ordinance).  The ordinance

states:

It shall be unlawful for any person to create, or
allow to be created any unreasonably loud,
disturbing and unnecessary noise in the city or
any noise of such character, intensity and
duration as to be detrimental to the life or
health of persons of reasonable sensitivity or to
disturb or annoy the quiet, comfort or repose of
reasonable persons. The following acts, among
others, are declared to be loud, disturbing and
unnecessary noise in violation of this section,
but such enumeration shall not be deemed to be
exclusive:

(1) The playing of any television set,
radio, tape player, phonograph or any musical
instrument in such a manner or with such volume
as to annoy or disturb the quiet, comfort or
repose of reasonable persons.
(2) The keeping of any animal which, by
causing frequent or long-continued noise, shall
disturb the quiet, comfort or repose of the
neighborhood to such an extent as to constitute a
nuisance.
(3) The creation of any excessive noise on
any street adjacent to any school, institution of
learning or court, while the same is in session,
or adjacent to any building used as a place of
public worship, while being so used or adjacent
to any hospital, which unreasonably interferes
with the workings of such school, institution or
court or the services being conducted in such
place of public worship or which disturbs or
unduly annoys patients in such hospital.
(4) The shouting and crying of peddlers,
hawkers and vendors which disturbs the peace and
quiet of the neighborhood.
(5) The use of any drum, loudspeaker or
other instrument or device for the purpose of
attracting attention, by creation of noise, to
any performance, show or sale or display of
merchandise.

Virginia Beach City Code § 23-47.  Any violation of the ordinance constitutes a class 4 misdemeanor.  Id.

In June 2007, the owners filed a complaint seeking a declaratory judgment that the ordinance is unconstitutional on its face because it is vague, and that it is unconstitutional as applied to the club.  The owners alleged that the ordinance is vague because it fails to provide citizens with "fair notice" regarding what conduct is unlawful, and because the ordinance language invites selective prosecution by granting law enforcement officials the "unfettered individual discretion" to make enforcement decisions.  The owners separately alleged that City police officers have applied and enforced the ordinance against the owners "in a subjective and selective manner."

In response to the owners' complaint, the City filed a demurrer, which the circuit court sustained in part based on its previous determination that the ordinance was constitutional on its face.  Relying on that prior decision, the circuit court held, among other things, that the ordinance is not vague, and dismissed the owners' facial constitutional challenge with prejudice.

The case proceeded to trial on the issue of the City's application of the ordinance to the sound levels generated by the club's music.  Certain City police officers testified that the City used two enforcement standards in evaluating noise

3

emanating from oceanfront business establishments.  The first standard used was the "reasonable person" standard provided for by the ordinance.  The second standard employed was an "across the street" assessment established by Police Captain Anthony F. Zucaro.

Addressing the "reasonable person" standard, Captain Zucaro testified that police officers determine whether noise is "unreasonably loud, disturbing and unnecessary" by employing the officers' "[b]ackground, experience, knowledge of the dynamics of the moment, listening, [and] witnessing."  Officers Albert L. Mills, Christopher D. D'Orio, and Steven J. Kennedy testified that officers usually exercise their discretion whether to issue a citation for violation of the ordinance.  These officers generally conceded that "reasonableness" is a standard that depends on an individual officer's assessment and on environmental factors such as the weather, the volume of ambient noise, and the time of day.

In 2007, Zucaro issued a letter that was distributed to oceanfront business owners in an effort to achieve voluntary compliance with the ordinance.  The letter informed the business owners that police officers would take enforcement action if "[t]he intensity of the noise emanating from an establishment is at such a level it can be definitively linked to that particular

4

establishment from across the street or a distance equal to that measurement despite the presence of other ambient noise levels."

Several police officers testified regarding incidents in which noise emanating from the club resulted in the issuance of citations to the owners. Relying on this and other evidence, the circuit court determined that the evidence "unequivocally establishe[d] that the enforcement of the noise ordinance is selective and uneven." However, the circuit court held that because the owners failed to prove that this selective enforcement was motivated by a discriminatory purpose, the club's constitutional challenge to the City's application of the ordinance failed. The owners appealed from the circuit court's judgment.

On appeal, the owners first argue that the circuit court erred in rejecting their facial constitutional challenge to the ordinance. They contend that the ordinance is vague and, thus, is unconstitutional on its face because business owners must engage in guesswork to determine whether certain sound levels violate the ordinance. The owners further assert that several terms in the ordinance, including the terms "unnecessary," "loud," "disturbing," "character," and "intensity," are purely subjective and do not establish clear standards that permit uniform enforcement.

In response, the City argues that the ordinance clearly articulates an objective, "reasonable person" standard that is well established and is sufficiently definite to permit persons to conform their conduct to the law. The City concedes that the terms of the ordinance are not quantitatively precise, but argues that such a level of precision is not required to survive a vagueness challenge. The City contends that only a flexible standard such as the one prescribed by the ordinance can fairly define criminal conduct related to the "wide swath of settings and circumstances" involved when assessing noise levels.

The City further argues that the term "unnecessary" does not render the ordinance vague because the ordinance requires that noise be unreasonably loud, disturbing, and unnecessary before a criminal citation can issue. The City contends that instead of rendering the ordinance vague, the term "unnecessary" narrows the category of noise that constitutes a criminal violation and provides added protection to potential offenders. However, the City further maintains that if this Court disagrees, it should sever any offending language rather than invalidate the entire ordinance. We disagree with the City's arguments.

Our review of the ordinance begins with the principle that that duly enacted laws are presumed to be constitutional. Marshall v. Northern Virginia Transp. Auth., 275 Va. 419, 427,

6

657 S.E.2d 71, 75 (2008); In re Phillips, 265 Va. 81, 85, 574 S.E.2d 270, 272 (2003); Yamaha Motor Corp., U.S.A. v. Quillian, 264 Va. 656, 665, 571 S.E.2d 122, 126 (2002); Finn v. Virginia Retirement System, 259 Va. 144, 153, 524 S.E.2d 125, 130 (2000). We are required to resolve any reasonable doubt concerning the constitutionality of a law in favor of its validity. In re Phillips, 256 Va. at 85-86, 574 S.E.2d at 272; Finn, 259 Va. at 153, 524 S.E.2d at 130; Walton v. Commonwealth, 255 Va. 422, 427, 497 S.E.2d 869, 872 (1998). Thus, if a statute or ordinance can be construed reasonably in a manner that will render its terms definite and sufficient, such an interpretation is required. See INS v. St. Cyr, 533 U.S. 289, 299-300 (2001); United States v. Harriss, 347 U.S. 612, 618 (1954); Pedersen v. City of Richmond, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979).

In this context, we consider the constitutional principles applicable to a vagueness challenge involving a penal statute or ordinance. The constitutional prohibition against vagueness derives from the requirement of fair notice embodied in the Due Process Clause. See United States v. Williams, 553 U.S. ___, ___, 128 S.Ct. 1830, 1845 (2008); City of Chicago v. Morales, 527 U.S. 41, 56 (1999); Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). The doctrine requires that a statute or ordinance be sufficiently precise and definite to give fair warning to an actor that contemplated conduct is criminal. See

Kolender v. Lawson, 461 U.S. 352, 357 (1983); Grayned, 408 U.S. at 108. Thus, the language of a law is unconstitutionally vague if persons of "common intelligence must necessarily guess at [the] meaning [of the language] and differ as to its application." Connally v. General Construction Co., 269 U.S. 385, 391 (1926); accord Coates v. City of Cincinnati, 402 U.S. 611, 614 (1971); Cameron v. Johnson, 390 U.S. 611, 616 (1968).

The constitutional prohibition against vagueness also protects citizens from the arbitrary and discriminatory enforcement of laws. A vague law invites such disparate treatment by impermissibly delegating policy considerations "to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." Grayned, 408 U.S. at 108-09; see Kolender, 461 U.S. at 357-61.

Because legislative bodies are "[c]ondemned to the use of words," courts cannot require "mathematical certainty" in the drafting of legislation. Grayned, 408 U.S. at 110. For this reason, an ordinance that lacks meticulous specificity nevertheless may survive a vagueness challenge if the ordinance as a whole makes clear what is prohibited. See id.; Esteban v. Central Missouri State College, 415 F.2d 1077, 1088 (8th Cir. 1969).

A different concern arises, however, when a vague statute implicates citizens' rights under the First Amendment. In such circumstances, vague language in a statute or ordinance may cause citizens to avoid constitutionally permissible conduct based on a fear that they may be violating an unclear law. Thus, a vague statute may inhibit the exercise of constitutionally protected activities. Grayned, 408 U.S. at 108-09.

In applying these principles, we first acknowledge that the regulation of noise by a locality creates special problems regarding the drafting and enforcement of legislation. See Nichols v. City of Gulfport, 589 So. 2d 1280, 1283 (Miss. 1991); People v. New York Trap Rock Corp., 442 N.E.2d 1222, 1226 (N.Y. 1982). These problems arise from the nature of sound, which invites the use of broadly stated definitions and prohibitions. Nichols, 589 So. 2d at 1283; Trap Rock, 442 N.E.2d at 1226.

The ordinance before us prohibits any "unreasonably loud, disturbing and unnecessary noise," noise of "such character, intensity and duration as to be detrimental to the life or health of persons of reasonable sensitivity," or noise that "disturb[s] or annoy[s] the quiet, comfort or repose of reasonable persons." The ordinance also describes various acts that constitute per se violations.

9

We conclude that these provisions fail to give "fair notice" to citizens as required by the Due Process Clause, because the provisions do not contain ascertainable standards. See Thelen v. State, 526 S.E.2d 60, 62 (Ga. 2000); Nichols, 589 So. 2d at 1284. Instead, the reach of these general descriptive terms depends in each case on the subjective tolerances, perceptions, and sensibilities of the listener.

Noise that one person may consider "loud, disturbing and unnecessary" may not disturb the sensibilities of another listener. As employed in this context, such adjectives are inherently vague because they require persons of average intelligence to guess at the meaning of those words. See Thelen, 526 S.E.2d at 62; Lutz v. City of Indianapolis, 820 N.E.2d 766, 769 (Ind. Ct. App. 2005); Nichols, 589 So. 2d at 1283.

The references in the ordinance to "reasonable persons," and to persons of "reasonable sensitivity," do not provide a degree of definiteness sufficient to save the ordinance from the present vagueness challenge. Such terms, considered in their context, delegate to a police officer the subjective determination whether persons whom the police officer considers to be of reasonable sensitivity would find the noise detrimental to their life or health. Likewise, these terms leave to a police officer the determination whether persons the police

officer considers to be reasonable would be disturbed or annoyed in their comfort or repose by the particular noise at issue.

Determinations of this nature invite arbitrary enforcement. Police officers likely will have differing perceptions regarding what levels of sound exceed the described tolerance levels and sensitivities of reasonable persons.  Because these determinations required by the ordinance can only be made by police officers on a subjective basis, we hold that the language of the ordinance is impermissibly vague.  See Grayned, 408 U.S. at 108-09; U.S. Labor Party v. Pomerleau, 557 F.2d 410, 412 (4th Cir. 1977); Thelen, 526 S.E.2d at 62.  The imposition of criminal penalties for the violation of an ordinance cannot rest on the use of subjective standards, nor may an ordinance consign a person to penal consequences without first providing sufficiently definite notice of prohibited activities.  See Thelen, 526 S.E.2d at 62; Nichols, 589 So. 2d at 1284.

We find no merit in the City's argument that its use of the term "reasonable persons" nevertheless rescues the ordinance from the present vagueness challenge because the criminal law employs a "reasonable person" standard in various other types of determinations.  Such comparisons are inapposite.  Here, the City attempts to satisfy the notice requirement of the Due Process Clause by using a standard that does not notify or warn citizens in clear and definite terms what noise levels are

prohibited.  In contrast, the use of a "reasonable person" standard elsewhere in the criminal law does not attempt to provide notice to citizens regarding the reach of a criminal statute or ordinance, but sets a standard for a court to use in determining police compliance with certain constitutional and other legal requirements.  See, e.g., Brendlin v. California, 551 U.S. 249, ___, 127 S.Ct. 2400, 2405-06 (2007) ("seizure" within meaning of Fourth Amendment occurs when reasonable person would not feel free to leave); Buhrman v. Commonwealth, 275 Va. 501, 505, 659 S.E.2d 325, 327 (2008) (probable cause exists when facts and circumstances of which police officer has "reasonably trustworthy information . . . warrant a person of reasonable caution to believe that an offense has been or is being committed") (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981)).

In concluding that the ordinance is vague, we do not directly address the list of per se violations contained in the ordinance.  Each of these per se violations is defined as constituting "loud, disturbing and unnecessary noise" and, thus, cannot be evaluated separately from those vague terms.

Finally, we hold that we are unable to sever from the ordinance the unconstitutional language that we have identified and give its remaining language a definite and permissible construction.  Instead, the vague language adjudged

unconstitutional in this opinion affects the content of the entire ordinance.[*]

For these reasons, we will reverse the circuit court's judgment and will enter final judgment for the owners declaring that the entire ordinance is unconstitutional because it is vague.

<u>Reversed and final judgment.</u>

---

[*] In view of our holding that the ordinance is vague, we do not reach the owners' remaining contentions alleging that the ordinance is overbroad and has been enforced selectively by City police.

13