COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner

GARY PISNER

MEMORANDUM OPINION[*]

v.       Record No. 0461-13-4           PER CURIAM
AUGUST 13, 2013

STATE BUILDING CODE TECHNICAL REVIEW BOARD
 AND MICHAEL R. CONGLETON,
 PROPERTY MAINTENANCE CODE OFFICIAL FOR
 FAIRFAX COUNTY, VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge

(Gary S. Pisner, *pro se*, on briefs.)

(Kenneth T. Cuccinelli, II, Attorney General; Steven P. Jack,
Assistant Attorney General, on brief), for appellee State Building
Code Technical Review Board.

(David R. Bobzien, County Attorney; Paul T. Emerick, Assistant
County Attorney, on brief), for appellee Michael R. Congleton,
Property Maintenance Code Official for Fairfax County, Virginia.

Gary Pisner appeals an order upholding the decision of the State Building Code Technical

Review Board (TRB), which found that Pisner was in violation of the Virginia Maintenance Code

(VMC) for not removing rubbish from his property.  Pisner argues that the trial court erred by

(1) not striking appellee's submission of the record because it was filed late pursuant to Rule 2A:3;

(2) not correcting the agency record, which was incomplete; (3) not allowing Pisner to file an

opening brief and limiting him to a five-page reply brief; (4) not allowing Pisner to file an opening

brief because when he filed his petition for appeal, he did not have access to the record to prepare

his petition; (5) not excluding from the record Fairfax County Property Maintenance Code

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Official's (Fairfax County) brief that included pictures which were not a part of the record; (6) allowing Fairfax County to file a brief with the trial court because it had not sought leave to join as a party; (7) allowing Fairfax County to participate in oral argument; (8) concluding that the agency's decision was clear and required no further clarification; (9) concluding that the agency's decision was "clear enough to prevent the constitutionally overreaching of the state under the umbrella of its police powers"; and (10) basing its decision on a defective record. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

In 1984, Pisner obtained a building permit to construct a two-story addition to an existing house located in Fairfax County. In late 2008, a tree fell and caused significant damage to the house. In October 2009, the Fairfax County Office of Building Code Enforcement issued a Notice of Unsafe Structure and Revocation of Permit. Pisner appealed the Notice of Unsafe Structure to the Fairfax County Board of Building Code Appeals (BBCA), which upheld the notice. In February 2010, Pisner appealed to the TRB.

In September 2010, while the appeal of the Notice of Unsafe Structure was pending, Michael Congleton, the Property Maintenance Code Official for Fairfax County, issued a Notice of Violation of the VMC. The Notice of Violation required Pisner to place a six-foot fence around the structure, obtain a permit and repair or demolish the structure, and remove all rubbish from the property. Pisner appealed the Notice of Violation to the BBCA, which upheld the notice on October 14, 2010. Pisner appealed to the TRB on November 3, 2010.

Meanwhile, Pisner obtained a demolition permit, and on October 29, 2010, the house was demolished to its foundation. However, Pisner did not remove the rubbish from the property.

On August 19, 2011, the TRB conducted a hearing based on Pisner's appeals of the two notices. On November 18, 2011, the TRB issued its decision. The TRB held that Pisner's appeal of the Notice of Unsafe Structure was moot, since the house had been demolished. The TRB upheld the BBCA's decisions and determined that "Pisner is in violation of the VMC for not removing the rubbish from the site." Pisner appealed the TRB ruling to the Fairfax County Circuit Court (circuit court).

On January 30, 2012, Pisner filed his petition for appeal in the circuit court. On November 20, 2012, the circuit court held a scheduling conference and entered an order, which set the hearing date and deadlines for filing appellee's brief and appellant's reply brief.

On December 3, 2012, the administrative record was filed with the circuit court. On December 7, 2012, Pisner filed objections to the "incomplete and untimely" filing of the record and to the denial of his request to file an opening brief, especially since he did not have access to the record when he prepared his petition for appeal.

Both the TRB and Fairfax County filed briefs, and Pisner filed a reply brief. On February 8, 2013, the circuit court heard the parties' arguments. The circuit court upheld the TRB's decision and denied Pisner's petition for appeal. The circuit court entered an order the same date. On February 14, 2013, Pisner filed objections to the ruling.[1] He subsequently filed his notice of appeal.

ANALYSIS

"[T]he circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." School Board v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991).

_____

[1] The record does not indicate that the circuit court ever saw or ruled on these objections.

- 3 -

*Assignments of error 1 and 2 – The Administrative Agency's Record*

Pisner argues that the TRB filed the administrative agency's record late and that the record was incomplete. Pisner contends the circuit court should have dismissed the case because the TRB was not in compliance with Rule 2A:3(b). On December 30, 2011, Pisner filed his notice of appeal of the TRB's decision, and on January 30, 2012, he filed his petition for appeal. The record was filed on December 3, 2012. On December 7, 2012, Pisner filed a document titled, "Objections to the Court's Refusal to Permit an Opening Brief and to the Appellee's Untimely Complience [sic] with Rule 2A-3 [sic]," in which he stated that the record was "incomplete and untimely." The circuit court never ruled on Pisner's objections; therefore there is no ruling for us to review on appeal. Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

*Assignments of error 3 and 4 – No opening brief*

Pisner argues that the circuit court erred by not allowing him to file an opening brief. He contends he did not have access to the record when he filed his petition for appeal.

"When the case is submitted and the record has been filed as provided in Rule 2A:3, the court shall establish by order a schedule for briefing and argument of the issues raised in the petition for appeal." Rule 2A:5(4).

The circuit court held a hearing on November 20, 2012 and entered a scheduling order. The circuit court ruled that since Pisner filed "a significant Petition for Appeal," he would not be permitted to file an opening brief. Pisner objected to this ruling and argued that he should be allowed to file an opening brief, as he would have been allowed in an appellate court. He also argued that when he prepared his petition for appeal, he did not have access to the record.

The lone authority Pisner cites is Laurels of Bon Air, L.L.C. v. Med. Facilities of Am. LIV Ltd. P'ship, 51 Va. App. 583, 659 S.E.2d 561 (2008). That case does not address what kind

of briefing a circuit court must permit when hearing an appeal from an administrative agency. The circuit court took into consideration that Pisner filed a fourteen-page petition for appeal and that he had expressed his contentions in detail in the petition.

Rule 5A:20(e) requires that an appellant's opening brief to this Court contain the principles of law, the argument, and the authorities relating to each assignment of error. Given the failure of appellant to cite any relevant authority, and the broad discretion trial courts possess in matters of pleading, appellant has failed to show the existence of any prejudicial, reversible error.

*Assignments of error 5, 6, and 7 – Fairfax County's involvement*

Pisner argues that Fairfax County should not have been included as a party in the appeal. Pisner contends the trial court erred by allowing Fairfax County to file a brief, include new evidentiary material in its brief, and participate in oral argument.

On February 8, 2013, the circuit court conducted its hearing regarding Pisner's appeal. At the beginning of the hearing, Pisner offered a document, which he said was being submitted to preserve objections for appeal. The circuit court declined to accept the document and told Pisner to file it in the clerk's office, which he did after the hearing. The document included Pisner's objections to Fairfax County filing a brief, adding new evidentiary material, and participating in oral argument. These are the same arguments he presents in his fifth, sixth, and seventh assignments of error.

Pisner did not seek, or obtain, the circuit court's ruling on the objections. Where the trial court does not rule on an appellant's objection, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998).

Furthermore, when Congleton's attorney participated in oral argument, Pisner did not object. He did not give the circuit court an opportunity to address the issue when it was relevant,

and any objection after the fact was not timely.  See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc) ("The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention.").

Therefore, the Court will not consider the fifth, sixth, and seventh assignments of error.

*Assignments of error 8 and 9 – The TRB's Decision*

Pisner argues that the circuit court erred by concluding that the TRB's decision was clear enough to be followed and "to prevent constitutionally overreaching of the state under the umbrella of its police powers."

"The sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision.  The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion."  Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988) (citations omitted).  "Where the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts."  Id. at 244, 369 S.E.2d at 8.

The TRB's decision specifically stated, "The Review Board further finds that Section 301.3 of the VMC requires the removal of the rubbish from the site as the rubbish, including the demolition debris and an open water-filled partial basement, poses health and safety concerns to anyone accessing the property."[2]  The TRB upheld the notice and found Pisner in violation of the VMC for not removing the rubbish from the site.

---

[2] The TRB's decision provided the following definition of Section 301.3 of the VMC: "All vacant structures and premises thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety."

In his petition for appeal and his reply brief, Pisner questioned the meaning of "rubbish" and who determines what rubbish is. He asserted that there were materials, including lumber, glass, and the foundation, that could be used to rebuild the house. Pisner also alleges that if he was forced to remove the foundation, lumber, and glass, such action would amount to a "taking" of his property and he would have to be compensated for his loss.

During his arguments to the circuit court, Pisner explained that he needed clarification of the terms, "rubbish" and "site." Pisner sought a definition of rubbish because he wanted to use some of the materials in the renovation of the house and did not deem them to be rubbish, whereas Fairfax County may deem the materials to be rubbish.

The TRB countered Pisner's argument with details regarding unusable materials on the property. In addition, the materials are not secured and not protected from the elements. The TRB noted that the materials have been exposed to the elements for several years and may not comply with the Building Code. The TRB emphasized that the "site" was the area on the property where the house used to stand and where the rubbish is located.

In its argument to the court, Fairfax County noted that there is no "taking" because Pisner could do what he wanted with the materials, such as haul them to a landfill or take them to a lawful storage facility.

Pisner responded by saying he needed clarification for what he could keep for the renovation and what he had to remove. He also explained, "Now I didn't suggest that there was a taking being made now . . . ."

At the conclusion of the parties' argument, the circuit court stated,

> Here, Mr. Pisner asked me to review this matter to find that the violation has occurred, and to remand the matter for further clarification and definition of rubbish and site, as it might pertain to his property.

I find that there is no error here that is correctable by the Court. The appeal is denied. I find that there is no further need, on this evidence and this record, which I have reviewed, for the matter to be remanded back for further clarification.

A term "is unconstitutionally vague if persons of 'common intelligence must necessarily guess at [the] meaning [of the language] and differ as to its application.'" Tanner v. City of Va. Beach, 277 Va. 432, 439, 674 S.E.2d 848, 852 (2009) (quoting Connally v. General Constr. Co., 269 U.S. 385, 391 (1926)).

Here, there is no question as to the meaning of rubbish. There was sufficient evidence, including testimony and photographs, before the TRB and the circuit court to show the rubbish on the property. In addition, throughout the entire process, the parties have been discussing the demolition of the house on the property, and clearly, this was the "site" to which the TRB referred. The circuit court did not err in holding that there was no need for further clarification of the terms, "rubbish" and "site."

Similarly, the circuit court's decision did not amount to a taking. "The law is well settled that the abatement of a nuisance by a public body is not a compensable taking." Lee v. City of Norfolk, 281 Va. 423, 438, 706 S.E.2d 330, 338 (2011) (citations omitted). As Pisner noted in his argument to the circuit court, there has not yet been a taking. He contends if he is forced to remove all of his materials from the site, then there would be a taking, and he should be compensated for the materials. Fairfax County responded by stating that it was not taking anything, and Pisner could do what he wanted with the materials. The purpose behind this action was for Pisner to become compliant with Section 301.3 of the VMC and remove the hazardous rubbish from the property. At no point did the TRB or Fairfax County allege that they were taking Pisner's property.

Therefore, the circuit court did not err in upholding the TRB's decision.

- 8 -

*Assignment of error 10 – Defective Record*

Pisner argues that the circuit court erred in basing its decision, in part, on its review of a defective record. He relies on his procedural arguments in the first seven assignments of error, and presents no additional argument on this issue. Considering this Court finds Pisner procedurally defaulted the first seven assignments of error and offered no additional argument for this issue, the Court will not consider it. See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) (citation omitted) ("Failure to adequately brief an assignment of error is considered a waiver.").

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.