# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

CAH Holdings, L.L.C.

v.

City of Chesapeake
City Council et al.

January 31, 2014

Case No. (Civil) CL12-367

BY JUDGE RANDALL D. SMITH

This matter has been heard by the Court, and post-trial memoranda have been submitted and reviewed. The parties' positions and arguments have been clearly stated both during oral arguments and in post-trial filings and therefore need not be restated here.

Two issues need to be addressed based upon the plaintiff's allegations:

(A) Was probative evidence of unreasonableness presented to challenge the presumptively valid decision by the City Council in the denial of the conditional use permit to require the governing body to produce evidence of reasonableness to make the issue fairly debatable?

(B) Is the standard of "compatibility" contained in Ordinance 17-100 of the Chesapeake City Code unconstitutional facially and/or as applied to the facts of this case?

## Issue (A): Fairly Debatable Standard

When a legislative body reserves to itself the power to grant a use permit, its action on the application is a legislative function. *Bollinger v. Board of Supervisors*, 217 Va. 185, 187, 227 S.E. 2d 682, 683 (1976). A legislative zoning decision is presumed to be valid; this presumption is said to be a presumption of reasonableness. *Board of Supervisors v. McDonald's Corp.*, 261 Va. 583, 590, 544 S.E.2d 334, 338 (2001). "Legislative action is reasonable if the matter in issue

is fairly debatable." *Board of Supervisors v. Lerner*, 221 Va. 30, 34, 267 S.E.2d 100, 102 (1980).

This standard is met when evidence offered in support of the opposing view would lead objective and reasonable persons to reach different conclusions. *McDonald's Corp.*, 261 Va. at 590, 544 S.E.2d at 338. This analysis is performed by the Court's review of the record to determine whether or not evidence exists to meet the fairly debatable standard, and this Court should not engage in weighing the credibility of any evidence in the record before the City Council. *Board of Supervisors v. Stickley*, 263 Va. 1, 6–7, 556 S.E.2d 748, 751 (2002).

Here, the plaintiff challenges the presumption of reasonableness with evidence that the Planning Commission reviewed the application at issue and voted to recommend approval of the conditional use permit with stipulations recommended by staff. (Pl. Ex. 6 from 12/10/2012.) The plaintiff argues that the only finding against compatibility with the surrounding community is noise generation. (See Pl. Ex. 6 from 12/10/2012, finding "the proposed use with recommended stipulations is compatible with the surrounding community in all respects except for noise generation.") The plaintiff argues then that evidence from its sound expert, Dr. Noral Steward, suggests that various provisions designed to ensure sound abatement would place the car wash within the sound requirements of the new ordinance. The plaintiff further assured the City Council that the plaintiff would agree to any and all further stipulations required by Council including denying any and all necessary permits for operation until satisfied with compliance.

This evidence is sufficient to challenge the reasonableness of the defendant's decision and shift the burden to the defendant to establish that its decision was fairly debatable. Before turning to whether or not there exists evidence in the record to make the decision fairly debatable, the Court will consider two issues disputed by the parties, (1) the effect of the 2006 case and (2) the effect of evidence taken in Court on December 10, 2012.

This is an appeal of the decision made by the defendant on January 17, 2012. The matter is not on the docket for the Court to enforce its final order entered in the 2006 case or to determine if the defendant complied with its mandate. Likewise, it is not appropriate for the Court to weigh the evidence and place its judgment on any evidence. Therefore, the Court will confine itself to the facts before City Council on January 17, 2012, in assessing whether or not the defendant has met its burden to establish the fairly debatable standard.

Still, the plaintiff argues that the Court should review the decision of the defendant bearing in mind that this Court previously found that City Council failed to meet the fairly debatable standard and remanded the case to Council to perform the required review within 120 days or be enjoined from denying the conditional use permit.

The record demonstrates that the defendant treated the plaintiff's application on remand as it would any case, referring the matter to staff for recommendations and a new Planning Commission hearing before the matter was considered again by the City Council. In the intervening time between appeal and remand of the prior cases, Council amended its noise ordinance to become more restrictive. Staff found on the new application that "the proposed use with recommended stipulations is compatible with the surrounding community in all respects except for noise generation." (Pl. Ex. 6 from 12/10/2012.) The Planning Commission again recommended approval. Therefore, no evidence of vindictiveness is established. The Court will therefore limit review to the record before the defendant on January 17, 2012.

The issue to be decided is whether the City can establish that its decision denying the conditional use permit for the plaintiff was fairly debatable. The facts are essentially not contested between the parties.

The defendant's staff report opined that the plaintiff met or addressed every issue, save a concern for increased noise. The plaintiff presented a witness at the hearing before the defendant, Dr. Noral Steward, a consultant in acoustics and noise control who opined that he believed that noise could be reduced to the level allowed by the noise ordinance. The Planning Commission recommended approval with stipulations. Many residents of the neighboring housing subdivisions spoke against granting the conditional use permit. Council voted unanimously to deny the conditional use permit. Councilmember Craig made the motion to deny for reasons stated in the record. The plaintiff's position is that objective concerns have been addressed and that the defendant's refusal to grant the conditional use permit is not fairly debatable because the plaintiff has promised to address the noise concerns and has agreed to other stipulations; therefore, the only possible explanations for denial must be either vindictiveness for having its prior decision reversed or a reaction to the complaints of the residents from nearby neighborhoods who complain about speculative negative effects because they do not want a car wash nearby.

"An issue is 'fairly debatable when the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions'." *Board of Supervisors of Fairfax Cnty. v. Robertson,* 266 Va. 525, 532, 587 S.E.2d 570, 575 (2003) (quoting *Board of Supervisors v. Williams,* 216 Va. 49, 58, 216 S.E.2d 33, 40 (1975)).

Councilmember Craig stated at the January 17, 2012, City Council meeting:

The B-1 zoning district exists to provide centers for convenience goods and services for surrounding residential areas that are compatible — that are compatible with these residential communities. As set out in the Planning Department's staff report, the proposed car wash would be located in close

proximity to two residential communities. The Planning staff concluded that the risk of increased noise generation associated with the proposed car wash to be incompatible with the residential communities. Considering the potential impacts on the surrounding residential communities is a required and appropriate element of the conditional use permit process because conditional uses are presumed to be inappropriate. Therefore, a conditional use can be permitted only at the discretion of the City Council following the review and recommendations by the Planning Commission and only after legislative findings are made that the proposed use with such conditions as the City Council may impose is compatible with the surrounding neighborhood. The procedures and standards set out in the zoning ordinance are intended to ensure that an appropriate review is made and that appropriate conditions and safeguards are attached to any permit which is granted. Based on this standard, I cannot support the proposed Autobell Car Wash at this location. Therefore, I move that UP-06-12 be denied because of the surrounding residential properties, specifically those Castlewood homes located immediately across Battlefield Boulevard from the site of the proposed car wash. While I appreciate the applicant's last-minute submissions offering additional stipulations and a new site plan in an attempt to address the issue of incompatibility, they do not in my mind cure or mitigate this issue given the proximity of the proposed car wash to the surrounding residential communities.

(Pl. Ex. 1 from 12/10/12, at 45–47.)

Because B-1 zoning does not allow for car washes, the City Council would need to find that the use was compatible to overcome the presumption against its being incompatible. It could also be viewed by a reasonable person that to grant the plaintiff the conditional use permit with assurances provided (even withholding the permits necessary to operate) would place the City in a position of testing, verifying compliance, and potentially having to confront disagreements between the plaintiff and the defendant after the car wash was built.

Therefore, the record makes the decision fairly debatable.

*Issue (B): Constitutionality of City Ordinance 17-100*

The plaintiff argues under *Tanner v. City of Va. Beach,* 277 Va. 432, 674 S.E.2d 848 (2009), that Ordinance 17-100 of the City Code is unconstitutional because the ordinance fails to provide adequate standards to guide the defendant's decision whether to grant conditional use permits.

*Tanner* is distinguishable from the instant matter in that it involved a standard to be used by police officers or other city employees in determining whether noise levels violated the ordinance. *See id.* at 435–36, 674 S.E.2d at 850. The instant case is more in line with *Jennings v. Board of Supervisors of Northumberland Cnty.*, 281 Va. 511, 708 S.E.2d 841 (2011). The governing body reserved unto itself the power to issue conditional use permits and is performing a legislative function when granting or denying conditional use permits; the ordinance need not include standards concerning the issuance of conditional use permits. *Bollinger*, 217 Va. at 187, 227 S.E.2d 683.

Therefore, Ordinance 17-100 of the Chesapeake City Code is constitutional, facially and as applied.