# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2014

Lyle W. Cayce
Clerk

No. 13-60806

STEPHEN MUNN, Individually; PURPLE PELICAN, INCORPORATED,

Plaintiffs – Appellants

v.

CITY OF OCEAN SPRINGS, MISSISSIPPI,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Stephen Munn is the president and manager of the Purple Pelican.  The Purple Pelican is a bar and nightclub in the entertainment district of Ocean Springs, Mississippi ("Ocean Springs" or "the City").  The bar often features live music, including occasionally hosting larger musical events.  After having been cited for a violation, Munn[1] brings this challenge to the noise ordinance of Ocean Springs, arguing that the ordinance is unconstitutionally vague.  Although we find it disturbing that the ordinance was improperly enforced against Munn, the actual enforcement of the ordinance against Munn is not

---

[1] Although both Munn and the Purple Pelican are plaintiffs, we refer to "Munn" as the plaintiff for simplicity.

No. 13-60806

before us.  The only question before us is the constitutionality of the ordinance itself.  The question of the appeal thus framed, we hold that the ordinance sets an explicitly objective standard in accordance with Supreme Court precedent, and therefore it is not unconstitutionally vague.  Accordingly, we AFFIRM the judgment of the district court dismissing the complaint

## I.

During the early morning hours of November 21, 2011, the Ocean Springs Police Department received three successive complaints about the noise coming from the Purple Pelican.  Officer Grimes, a member of the Ocean Springs Police Department, responded to each complaint separately.  He first informed a security guard at the Purple Pelican of the complaint and asked that the music be turned down.  After the second complaint, Officer Grimes returned and asked a bartender to have the music turned down.  Finally, after the third complaint, he returned and issued a criminal citation to Munn for violation of the City's noise ordinance.  After some time passed, the City dismissed the citation and did not prosecute Munn for the violation.

Nonetheless, Munn wrote a letter to the City's mayor and aldermen requesting that they repeal the noise ordinance on the grounds that it was unconstitutionally vague and arbitrarily enforced.  When the City did not respond, Munn filed this suit in state court seeking to enjoin enforcement of the ordinance and have it declared unconstitutional.  The City removed the case to federal court, and the district court denied the motion for preliminary injunction.  After limited discovery, the district court granted summary judgment to the City, rejecting Munn's arguments that the ordinance was unconstitutionally vague, and entered a final judgment dismissing Munn's case.  Munn appeals that judgment.

No. 13-60806

II.

We review the district court's grant of summary judgment de novo. *Serv. Emps. Int'l Union, Local 5 v. City of Houston*, 595 F.3d 588, 595 (5th Cir. 2010). Summary judgment is proper if there are no genuine disputes as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.* Here, there are no disputes as to any material facts.

Munn argues that the district court erred in holding that the ordinance was not unconstitutionally vague. As relevant here, the ordinance states:

> (a) It shall be unlawful for any person to make, cause, or, on premises under his or her legal control, permit to be made any unreasonable noise or vibration audible or perceptible within the corporate limits or police jurisdiction of the city, including the waters lying within such areas.
> (b) For purposes of this section, "*unreasonable noise* or vibration" is defined to mean any *unreasonably loud*, raucous, or jarring sound or vibration which is not constitutionally protected speech in form and scope of audibility and which, *under the circumstances of time, place, and manner in which it is produced* and audible or perceptible, *annoys*, disturbs, injures, or endangers the comfort, repose, health, peace or safety of a *reasonable person of normal sensitivities* within the area of the audibility or perceptibility of the noise or vibration without the consent of such person.

Ocean Springs Ordinance Number 14-2007, Section 15-13.1 (emphasis added).

Munn challenges virtually the entire ordinance. Nonetheless, the genuine legal dispute can quickly be focused on the alleged vagueness of one word: "annoys." Munn argues that Supreme Court precedent specifically indicates that "annoys" is such an amorphous term as to be unconstitutionally vague, thus denying to Ocean Springs citizens an understanding of what noise constitutes a crime.

We begin by laying out the relevant legal background for vagueness challenges generally and the precedents that the parties rely on.

3

No. 13-60806

A.

"Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause . . . ." *United States v. Williams*, 553 U.S. 285, 304 (2008). The Due Process Clause requires that a law provide sufficient guidance such that a man of ordinary intelligence would understand what conduct is being prohibited. *Id.* ("A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."); *see also Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ("[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."). Thus, we must strike down the ordinance if we find that it does not sufficiently define the line between legal and illegal conduct.

B.

As we turn to the precedents upon which the parties rely, the arguments focus on two Supreme Court cases. First, Munn relies heavily on *Coates v. City of Cincinnati*, 402 U.S. 611 (1971), arguing that the Supreme Court mandates a holding that the ordinance is unconstitutionally vague. In *Coates*, the plaintiff challenged the City of Cincinnati's anti-loitering statute. The statute prohibited a group of three or more people from assembling on a sidewalk "and there conduct[ing] themselves in a manner annoying to persons passing by." *Id.* at 611. The Court concluded that this statute was unconstitutionally vague, reasoning that "[c]onduct that annoys some people does not annoy others." *Id.* at 614. The Court explained that the ordinance was vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard

4

of conduct is specified at all." *Id.* Munn seizes upon this statement and runs with it, arguing that *Coates* thus demonstrates that the use of the term "annoys" is, in all situations, problematic because a violation of the term is incapable of being enforced with any degree of uniformity acceptable to the concept of due process.

The City responds with *Grayned v. City of Rockford*, a case decided only a year after *Coates*. In *Grayned*, the Court confronted a Rockford ordinance that prohibited standing outside a school and making "any noise or diversion which disturbs or tends to disturb the peace or good order" of the school. 408 U.S. at 108. Although recognizing the vagueness of the phrase "tends to disturb," the Court upheld the statute, in part because the statute had been read by the Supreme Court of Illinois to "prohibit only actual or imminent interference with the 'peace or good order' of the school." *Id.* at 111–12. With this limiting interpretation, the Court upheld the statute because it contained "no broad invitation to subjective or discriminatory enforcement." *Id.* at 113. The Court, in sentiments with which we quickly agree, recognized that writing laws that provide sufficient notice to persons of reasonable intelligence is particularly difficult in the context of noise ordinances. In a more philosophical than legal musing, the Court said "[c]ondemned to the use of words, we can never expect mathematical certainty from our language." *Id.* at 110. Furthermore, the certainty of descriptive words will always be compromised to one extent or the other because enforcement of laws requires "the exercise of some degree of police judgment . . . ." *Id.* at 114. Recognizing these practical limits on the precision of words, the Court in *Grayned* concluded that the City of Rockford's noise ordinance was not unconstitutionally vague. *Id.*

Finally, Munn would have us focus on *Tanner v. City of Virginia Beach*, 674 S.E.2d 848 (Va. 2009), a subsequent case interpreting *Coates*, which held that the word "annoys" lacks a sufficiently definitive meaning. In *Tanner*, the

No. 13-60806

Virginia Supreme Court considered an ordinance that outlawed "any noise of such character, intensity, and duration as . . . to disturb or annoy the quiet, comfort or repose of reasonable persons." *Id*. at 436. This ordinance, as does the Ocean Springs ordinance, plainly imposed an objective standard of conduct—outlawing only noise that would annoy "reasonable persons." Nonetheless, the Virginia court held that the ordinance was still on the wrong side of constitutional clarity. The court was off-put that "[p]olice officers likely will have differing perceptions regarding what levels of sound exceed the described tolerance levels and sensitivities of reasonable persons. Because these determinations required by the ordinance can only be made by police officers on a subjective basis" the court struck down the ordinance. *Id*. at 441. Thus, *Tanner* fully supports Munn's argument: "annoys" is such a fuzzy standard for regulating noise that even if the ordinance states an objective standard, it imposes the standardless subjective judgments of police officers in its enforcement.

### III.

With these precedents as background, we now turn specifically to the Ocean Springs ordinance. As relevant to this analysis, we focus on the language of the ordinance that prohibits noise that "annoys . . . a reasonable person of ordinary sensibilities." It is, of course, this language that imposes an admittedly objective standard of conduct in its enforcement. For this reason, we are fully satisfied that the ordinance meets the standard of due process of law and consequently is not unconstitutionally vague.

This conclusion, contrary to Munn's argument, is not inconsistent with *Coates*. In our view, the problem with the ordinance in *Coates* was the subjective standard to which "annoys" was attached. Namely, the statute in *Coates* outlawed behavior that was annoying "to persons passing by." 402 U.S. at 611. Thus, the relevant standard of behavior was dictated by predilections

6

of whomever per chance passed by, an unquantifiable standard. *Id*. at 614 ("[The City of Cincinnati] may not [prevent antisocial conduct] through the enactment of an ordinance whose violation may entirely depend upon whether or not a policeman is annoyed."). This vagueness is constitutionally remedied in the Oceans Spring ordinance by the inclusion of the reasonable person standard.

We find support for the ordinance's constitutionality in two other persuasive, albeit non-binding decisions. In a prior vacated decision from this court discussing a Texas anti-harassment statute, we focused on the use of "annoys." *Kramer v. Price*, 712 F.2d 174 (5th Cir. 1983), *vacated on reh'g en banc by* 723 F.2d 1164 (5th Cir. 1984).[2] The statute made it an offense to communicate with a person in a vulgar or profane manner, when this communication "intentionally, knowingly, or recklessly *annoys* or alarms the recipient." *Kramer*, 712 F.2d at 176 (emphasis added). The defendant was convicted under this statute, and then filed a writ of habeas corpus arguing that the statute was void for vagueness primarily based on the word "annoys." The panel was convinced, holding that the statute was unconstitutionally vague, because "*Coates* recognized that a statute is unconstitutionally vague when the standard of conduct it specifies is dependent on each complainant's sensitivity. . . . [T]he statute in this case makes no attempt at all to specify whose sensitivity must be offended." *Id*. at 178. The panel further observed that the statute could have been saved by a limiting construction from Texas state courts—in particular a reasonable person limitation—but none had been provided. *Id*. at 178 n.6 ("We acknowledge that the statute at issue could have

---

[2] The panel opinion in *Kramer* was vacated when rehearing en banc was granted; thus the opinion is not binding precedent. Before the en banc court rendered a decision, however, the Texas statute at issue was repealed and replaced. Because of this change in circumstances, the en banc court summarily affirmed the decision of the district court "without approving or adopting its rationale." *Kramer*, 723 F.2d at 1164.

been given a narrowing construction that would have saved it from constitutional infirmity. Our point is that the Texas court refused to narrow the statute by, for example, holding that it applies to writings which would annoy the hypothetical reasonable person and that this standard does not vary with the sensitivity of each complainant."). Thus, the panel opinion in *Kramer* read *Coates* to prohibit the use of a subjective standard of annoyance, but explicitly stated that a statute that uses an objective standard of annoyance would survive constitutional scrutiny.[3]

In a similar fashion, the Sixth Circuit reached the same conclusion in an unpublished case facing a substantially identical ordinance. *Gaughan v. City of Cleveland*, 212 F. App'x 405 (6th Cir. 2007) (unpublished). At issue in *Gaughan* was an ordinance that prohibited the playing of music or a television "in such a manner or at such volume as to annoy or disturb the quiet, comfort or repose of neighboring inhabitants." *Id.* at 409. After recognizing that the state court had, in similar ordinances, read into the ordinances an implied reasonable person standard, the court upheld the statute by adopting that limiting construction for the challenged statute. The Sixth Circuit thus recognized that *Coates* does not hold that the term "annoys" is always forbidden. *Id.* at 412 ("First, the use of the term 'annoy' or 'annoying' does not automatically make an ordinance impermissibly vague."). The court read *Coates* as being concerned about the lack of a definitive standard—i.e. who must be annoyed for the statute to be violated—rather than with the use of annoy. *Id.* (distinguishing *Coates* because "[h]ere, a violation of [the challenged ordinance] depends upon the sensitivity of a reasonable person").

---

[3] Although Judge Rubin dissented from the panel decision in *Kramer*, the panel was unanimous in its understanding of *Coates*. *Kramer*, 712 F.2d at 180 (Rubin, J. dissenting) ("The vagueness in the [ordinance in *Coates*] did not result from the use of the word 'annoy' but from the imprecision of the phrase in which it appeared, 'conduct themselves *in a manner annoying to persons passing by. . . .*'" (emphasis in original)).

No. 13-60806

These cases converge on the single point: *Coates* was not so much about the word "annoys" but about the impermissibility of a subjective standard. The Ocean Springs ordinance does not suffer from this defect; it is specific about the standard to be applied in enforcement of noise that "annoys": The noise must annoy a reasonable person. We are cognizant that the enforcement of that standard will not be uniform, and that a police officer will be required to apply his or her judgment in determining a violation. Nevertheless, the Supreme Court precedents consider this level of uncertainty tolerable in the noise ordinance context. We thus hold that the Ocean Springs ordinance is not unconstitutionally vague.[4]

IV.

Although the statute by its terms imposes an objective standard, we digress briefly to address Munn's citation. During discovery in this case, Munn deposed Officer Grimes, who issued Munn's citation, and other employees present when the citation was issued. We have reviewed these depositions. It is admittedly worrisome to us that Officer Grimes issued the citation almost entirely on the basis of the repeated noise complaints from anonymous individuals. This is eerily similar to the unconstitutional choice of words: "persons passing by." Officer Grimes testified that during the first visit to the Purple Pelican, he warned a security guard about the noise, *even though Officer Grimes did not think that the music was unreasonably loud.*[5] This warning is clearly an improper enforcement of the ordinance; such enforcement causes the

---

[4] We are unconvinced by the reasoning in *Tanner*. Granting that police officers will be forced to use their respective judgments to determine what level of noise is objectively "annoying," this distinction does not distinguish annoyance from other descriptive terms of noise ordinances, all of which require the judgment of police officers.

[5] One of Munn's employees stated in an affidavit that Officer Grimes made a similar statement while writing the citation. Officer Grimes denied doing so and stated that, at the time he issued the citation, he found the music to be unreasonably loud.

ordinance to operate in precisely the way that *Coates* holds is impermissible—that is, making violation of the ordinance dependent on the subjective sensitivities of individuals who happen to be in the area.

The particular enforcement of the ordinance is not before us—only the constitutionality of the ordinance itself.  Nevertheless, we highlight these citation facts because the objective standard established in the ordinance will only protect the constitutional rights of Ocean Springs's citizens if it is enforced in an objective manner.  The assurance of such constitutional rights will require an effort by the City to ensure that its officers are familiar with the reasonable person standard for purposes of enforcement.  And if the statute is enforced in a purely subjective manner, the City is exposing itself to a potentially different outcome.  *See Reeves v. McConn*, 631 F.2d 377, 386 (5th Cir. 1980) ("If actual experience with the ordinance were to demonstrate that it represents a subjective standard, prohibiting a volume that any individual person 'within the area of audibility' happens to find personally 'disturbing,' we would not hesitate to change our judgment accordingly.").

V.

To conclude, we hold that the noise ordinance of Oceans Springs is not impermissibly vague despite its inclusion of the word "annoys."  We reach this conclusion because *Coates* only forbids the use of "annoys" when used in the context of a subjective standard.  Because the Ocean Springs ordinance applies only to noise that annoys a reasonable person, the judgment of the district court is

AFFIRMED.